**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



Russ Kendig
United States Bankruptcy Judge

**Dated: 04:52 PM September 17, 2013**

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| NATALIE MICHELLE BOOK, | ) | CASE NO. 11-62686 |
| | ) | |
| Debtor. | ) | ADV. NO. 12-6031 |
| _____ | ) | |
| JOSIAH L. MASON, | ) | JUDGE RUSS KENDIG |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| RAMONA A. CLARK, | ) | **(NOT FOR PUBLICATION)** |
| | ) | |
| Defendant. | ) | |

This adversary proceeding is an action by the chapter 7 trustee ("Trustee") to recover property deeded by the debtor ("Debtor") to her mother ("Defendant") approximately five months before Debtor filed bankruptcy. On August 1, 2013, the court issued an opinion finding that Debtor's transfer of her real estate interest was a preferential transfer under 11 U.S.C. § 547. Defendant now asks the court to reconsider its decision. Her motion is opposed by Trustee. The court held a hearing on September 9, 2013 and took the matter under consideration.

The court has jurisdiction of this case under 28 U.S.C. § 1334 and the general order of reference entered in this district on April 4, 2012. In accordance with 28 U.S.C. § 1409, venue in this district and division is proper. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(F) and (H).

1

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## LAW AND ANALYSIS

The facts set forth in the court's previous opinion are hereby incorporated by reference.

Defendant contends the court failed to consider the nature of Debtor's interest in the property that was transferred. Defendant also claims the court's conclusion that the property was not subject to a constructive trust is wrong as a matter of law. Defendant cites Federal Rule of Bankruptcy Procedure 9024, adopting Federal Rule of Civil Procedure 60, as the basis for her motion. The court agrees with Trustee and finds that Bankruptcy Rule 9023, which incorporates Federal Civil Rule 59 into bankruptcy practice, is more tailored to the relief sought by Defendant. As the Sixth Circuit Court of Appeals states, "Rule 60(b) is not . . . a substitute for such appeal, and judicial error is not the kind of mistake which Rule 60(b) encompasses." The Cain P'ship, Ltd. v. Pioneer Inv. Serv. Co. (In re Pioneer Inv. Serv. Co.), 1994 WL 134683, *2 (6th Cir. 1994) (unpublished). Under Rule 60, a court does not review the underlying judgment but only determines if there are grounds to relieve a party from the judgment. Feathers v. Chevron USA, Inc., 141 F.3d 264, 268 (6th Cir. 1998). Consequently, motions to reconsider are generally treated as motions to alter or amend judgments under Rule 9023. See, e.g. Haney v. Educ. Credit Mgmt. Corp., 2012 WL 3863533 (E.D. Ky. 2012) (unpublished). The court will therefore review the motion under Rule 9023 standards.

In order to have the judgment altered or amended, Defendant must show either "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." Henderson v. Walled Lake Consol. Sch., 469 F.3d 479, 496 (6th Cir. 2006) (citation omitted). Although reconsideration is within the discretion of the court, Rule 59(e) relief is "an extraordinary remedy and should be granted sparingly because of the interests in finality and conservation of scarce judicial resources." Hutton v. Mitchell, 2013 WL 4060136, * 1 (N.D. Ohio 2013) (slip copy) (citations omitted).

Defendant's motion is premised on her position that the court committed a clear error of law and/or that relief is necessary to prevent a manifest injustice.

## I. The court did consider the nature of Debtor's interest in the property at the time of transfer

According to Defendant, the court failed to consider the threshold issue of what interest Debtor held in the property at the time of conveyance. The court disagrees and refers Defendant to the section discussing constructive trusts. While the court may have couched Defendant's arguments as defenses to the preference action, the soul of its discussion clearly centered on the property interest(s) held by Defendant and/or Debtor. The court thoroughly reviewed whether a trust, which is the separation of legal and equitable interests, existed.

2

Defendant maintains that Debtor held only bare legal title to the property when it was transferred because Defendant previously paid for Debtor's interest. This transfer, she argues, gives rise to an equitable interest in the property in her favor. She therefore seeks imposition of a constructive trust over the property titled to her daughter, which the court refused.

Defendant accurately points out that a bankruptcy estate succeeds only to the property interest held by Debtor, no more or no less. Consequently, if a debtor holds only bare legal title, and not the equitable interest, only the legal interest comes into the estate. 11 U.S.C. § 541(d). Defendant contends that if Trustee avoids the transfer, he is left with only legal title. Defendant's problem lies in the absence of a prepetition action establishing or recognizing an equitable interest in her favor. Ohio does not recognize "a stand-alone claim for constructive trust[,] instead it is a *remedy* that can only be imposed 'where there is some ground . . . upon which equity will grant relief.'" Gaymar Ind., Inc. v. FirstMerit Bank, N.A., 311 Fed.Appx. 814 (6th Cir. 2009) (citing In re Morris, 260 F.3d 654, 668 (6th Cir. 2001)). Under Defendant's logic, she is entitled to a remedy even though she has never pursued a claim. This is not supported by the cases cited by Defendant.

She repeatedly references constructive trusts that arise by "operation of law" compared to those that arise by judicial fiat. However, she clearly is misunderstanding the import of the case law. There is no statutory basis for a constructive trust – it is created as a remedy by a court. Constructive trusts do not simply arise on bad facts. Granted, "a court need not declare that a constructive trust has been created, but rather such a trust arises by operation of law to prevent unjust enrichment." Hines v. Hines (In re Hines), 193 Fed.Appx. 391, 395 (6th Cir. 2006). What Defendant fails to appreciate is the fact that judicial action established or recognized the legal and equitable interests. While a court may not have used the magic "constructive trust" words, a court was involved in recognizing an equitable interest. Once it is recognized, a constructive trust can sprout by operation of law but a basis in law must exist. Divorce actions are prime examples. Frequently, a domestic relations court has makes a division of property whereby legal title may be vested in one spouse but the court awards a beneficial interest to the other spouse. Id., *see also* McCafferty v. McCafferty (In re McCafferty), 96 F.3d 192, 196-97 (6th Cir. 1996). In these situations, another court, like a bankruptcy court, can label the interest a "constructive trust." It bears repeating, however, that the constructive trust arises following judicial action that specifically creates or recognizes the equitable interest.

Court involvement also permeates the decision in Poss v. Morris (In re Morris), 260 F.3d 654 (6th Cir. 2001); *see also* In re Warns, 2013 WL 2422708 (Bankr. N.D. Ohio 2013). The parties entered into transactions where "Poss owned the building housing Morris's business, Morris owned the land on which the building was situated, and each leased his or her respective interest to the other." Id. at 659. When the relationship soured, and the parties ended up in court, they eventually entered into a settlement agreement, adopted as a judgment by a court in a foreclosure action, whereby Morris was to vacate the premises and convey a 7.735 acre parcel of real estate to Poss. Morris did not comply. There were appeals and Morris later filed a chapter 13 bankruptcy petition, following by relief from stay to pursue yet more appeals. One of those appeals led to a finding by the state court that "[Poss] had an enforceable contract for conveyance

3

of the property to him by [Morris]." Id at 661. The state court recognized that although legal title remained vested in Morris, Poss had the right to an order transferring legal title to himself. Id. Poss argued in bankruptcy court that the property was subject to a constructive trust in his favor and the Sixth Circuit agreed. However, the court noted that "[Section 541] does not authorize bankruptcy courts to recognize a constructive trust based on a creditor's claim of entitlement to one; rather, section 541(d) only operates to the extent that state law has impressed property with a constructive trust prior to its entry into bankruptcy." Id. at 666; *see also* XL/Datacomp, Inc. v. Wilson (In re Omegas Grp., Inc.), 16 F.3d 1443, 1451 (6th Cir. 1994). In Morris, the state court's order requiring Morris to transfer the property to Poss gave him a beneficial interest in the property. Consequently, the court was able to recognize a constructive trust over the property in his favor. Defendant cannot argue likewise.

In this case, no court action had been taken to legally establish an equitable interest held by Defendant. There was no court division of property to rely on, nor had Defendant pursued a claim seeking a constructive trust remedy. She did not hold a cognizable beneficial interest in the property. Consequently, this court cannot recognize a constructive trust.

Further, not every claim that can be filed in a court gives right to a constructive trust remedy. "[A] constructive trust does not arise on every moral wrong in acquiring or holding property or on every abuse of confidence in business or other affairs . . . the conduct of the parties must be such that it will give rise to the exercise of equitable jurisdiction." Croston v. Croston, 18 Ohio App.2d 159, 163 (Ohio App. 4th Dist. 1969). Croston involved a divorce action and an award of the marital residence. When the residence was purchased by the Crostons, one of their fathers made the down payment. Although he did not execute a promissory note or mortgage, there was no dispute that the down payment was to be repaid to him. When the lower court awarded the house to Mrs. Croston, it found she would be unjustly enriched if the father's interest was not recognized, so it imposed a constructive trust on the property in his favor. On appeal, the Ohio Fourth District Court of Appeals reversed, finding "[t]he record is barren of any ground for a claim of fraud, duress, undue influence or mistake against which equity gives relief." Id. at 164. There was simply "no breach of any legal or equitable duty" that required equity to balance the field for the parties. Id. The court compared the Croston facts to two other cases where a constructive trust was imposed and found both distinguishable because "[b]oth [fell] within accepted principles giving rise to equity jurisdiction, the former by way of fraud and the latter by breach of a fiduciary duty to account for the brother's equitable interest in the trust property." Id. (citations omitted).

On the facts of the present case, the court finds Croston persuasive. Defendant engaged in no conduct requiring the court to resort to equity. And, even if such cause existed, Sixth Circuit case law establishes that it would have been necessary for Defendant to pursue a claim before this bankruptcy was filed. Morris, 260 F.3d 654; Oil States Int'l, Inc. v. LTV Corp., 2006 WL 3022971 * 6 (N.D. Ohio 2006) (unpublished). It is not within this court's authority to now impose a constructive trust over the property for Defendant's benefit.

4

## II.     Amending the complaint would be futile

Previously, the court denied Defendant's motion to amend her answer because it would be prejudicial to Plaintiff.   Futility is also grounds for denial.   Foman v. Davis, 371 U.S. 178, 182 (1962).

Defendant sought to amend her answer to add defenses sounding in equity under the same rationale as her constructive trust argument.   At some point, she has mentioned both "equitable lien" and "equitable title."   At no point does she engage in a discussion of either.   The court fails to see how arguments either label differ from her "constructive trust" argument.   No matter what the label, the underlying division of interests is the same:   Defendant wants the court to find she has an equitable interest in the property titled to her daughter, the holder of the legal interest. This, by definition, creates a trust.   See Goralsky v. Taylor, 59 Ohio St.3d 197 (1991).

The overlap between the theories has been noted by courts.   KeyBank, N.A. v. Columbus Campus, LLC, 988 N.E.2d 32, 49 (Ohio App. 10 Dist. 2013) (calling the equitable lien theory the "closely aligned counterpart" of the constructive trust theory); Katz v. Banning, 84 Ohio App.3d 543,   (Ohio App. 10 Dist. 1992) (acknowledging that "constructive trusts creates an equitable title in some other person") (citing Peterson v. Teodosio, 34 Ohio St.2d 161, 171-72 (1973)); Fehrman v. Ellison, 32 Ohio App.2d 258 (Ohio App. 1 Dist. 1971) (stating "[a] constructive trust generally involves the existence of farud in view of which an equitable title or interest is recognized in some other person other than the taker or holder of the legal title").   Constructive trusts and equitable liens are both remedies sounding in equity.   Great-West Life & Annuity Ins. Co. v. Knudson, 534 U.S. 204, 213-14 (2002).    Because of the similarity, the court can think of no reason an equitable lien would receive more favorable treatment than a constructive trust under Omegas or Morris. As a result, the court could not impose the property with an equitable lien for the same reasons it cannot impose the property with a constructive trust.

Allowing Defendant to amend her answer would be futile.   The court's denial of her motion to amend stands.

## III.     There are no genuine issues of material fact

Defendant argues that the court should not have granted summary judgment because questions of fact exist.   The court disagrees.   First, Defendant has not identified a factual dispute.   Second, the court viewed the facts in the light most favorable to Defendant.   The court has not challenged the factual premise for her constructive trust claim, merely the legal foundation.   The court's denial is not rooted in fact, but in law.   Even if every fact is true, the bankruptcy court cannot, as a matter of law, impose a constructive trust.   The property was not impressed with one prior to Debtor's case filing and imposing one now is not only against Sixth Circuit precedent but would also upset the ratable distribution system of the Bankruptcy Code.   Defendant's argument on this point also fails.

## <u>CONCLUSION</u>

Defendant did not show she is entitled to reconsideration of the court's previous decision. All facts have been viewed in the light most favorable to Defendant. The court's conclusions of law were sound. At the time Debtor transferred her one-half interest in real estate to Defendant, she did not have a legally recognized equitable interest in the property and this court is unable to impose one postpetition. Consequently, allowing her to amend her answer to add an equitable theory of recovery would be futile.

The court will deny Defendant's amended motion for reconsideration. An order will be entered immediately.

#  #  #

**<u>Service List:</u>**

Josiah L Mason
153 W Main St
PO Box 345
Ashland, OH 44805-2219

Brian J Chisnell
PO Box 2668
1075 National Parkway
Mansfield, OH 44906-1908